**Opinion issued December 22, 2022**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-21-00647-CR

————————————

**DAVID IGNACIO CRISTAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 56th District Court
Galveston County, Texas
Trial Court Case No. 19-CR-2275

## MEMORANDUM OPINION

Appellant David Ignacio Cristan pleaded not guilty to the felony offense of sexual assault of a child. *See* TEX. PENAL CODE § 22.011(a)(2). Following a jury trial, the jury found Appellant guilty and assessed his punishment at confinement

for twenty years in the Texas Department of Criminal Justice.[1]  The trial court certified that this case is not a plea-bargain case and Appellant has the right to appeal.  Appellant timely filed a notice of appeal.

On appeal, Appellant's appointed counsel filed a motion to withdraw, along with a supporting brief, stating the record presents no reversible error.  He asserts the appeal is without merit and frivolous.  *See Anders v. California*, 386 U.S. 738 (1967).  Counsel's brief meets the *Anders* requirements.  The brief presents a professional evaluation of the record and provides references to the record and legal authority.  *Id*. at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978).  Counsel explains that after thoroughly reviewing the record, he is unable to advance any grounds of error warranting reversal.  *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  The State waived its right to file a response and Appellant did not file a pro se brief.[2]

After conducting an independent review of the entire record on appeal, we conclude there is no reversible error in the record, there are no arguable grounds

---

[1]     No fine was assessed.

[2]     Appellant's appointed counsel stated in his brief that he provided Appellant with a copy of counsel's motion to withdraw and of his brief; advised Appellant of his right to file a pro se response to the brief; and advised Appellant he had a right to review the trial record and to prepare his own appellate brief.  In addition, appointed counsel provided Appellant with the form required to obtain a free copy of the record and the address to which the form should be mailed.

for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[3] Court-appointed counsel, Joel H. Bennett, must immediately send Appellant the notice required under Texas Rule of Appellate Procedure 6.5(c) and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Justices Kelly, Rivas-Molloy, and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[3] Appointed counsel still has a duty to inform Appellant of the result of this appeal and that he may, on his own, pursue discretionary review with the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).